## JONES v. FARMERS' NAT. BANK OF WEWOKA.

No. 7716—Opinion Filed Nov. 14, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 681.)

### Chattel Mortgages—Sales—Conditional Sale —Construction of Contract.

Contract examined, and held not to constitute either a conditional sale or mortgage.

(Syllabus by Bleakmore, C.)

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action in replevin by the Farmers' National Bank of Wewoka, Okla., against J. W. H. Jones. Judgment for plaintiff, and defendant brings error. Affirmed.

C. Guy Cutlip and Thos. J. Horsley, for plaintiff in error.

Pryor & Stokes, for defendant in error.

Opinion by BLEAKMORE, C. On November 30, 1912, John W. Seals and J. W. H. Jones executed and caused to be recorded in the office of the register of deeds of Seminole county the following written contract:

"* * * That the said John W. Seals, hereinafter called party of the first part, has agreed and does hereby agree to sell to the said J. W. H. Jones, hereinafter called the party of the second part, the following described tract of land: * * * That the second party has paid to the party of the first part the sum of $300 by the delivery of a team of mules valued at said sum, and agrees, when the first party shall execute and deliver to the second party a good and suficient warranty deed conveying to the said second party a good title in fee simple to said land, to pay to the said first party, his heirs or assigns, the additional sum of $900, the entire consideration for the said tract of land being the sum of $1,200.

"And the first party, now the owner of an undivided one-third interest in and to the said tract of land, agrees to at once, or as soon as it may be done, acquire the remaining undivided two-thirds interest in and to the said land, and as soon as the same is so acquired to convey the entire tract of land by warranty deed to the second party, in manner aforesaid.

"And it is expressly agreed that if for any reason the first party shall fail to deliver a complete title to the said tract of land to the second party by the 1st day of March, 1913, then this agreement may be rescinded by the second party, and the first party shall repay to the said second party the said sum of $300, with interest on the same at 10 per cent. per annum, or return said team in as good condition as they are now.

"The first party agrees to deliver possession of the said land to the second party by the 1st day of January, 1913, and protect him in the peaceable possession of said land until this contract is complied with or rescinded.

"In event the first party is unable for any reason to acquire the title to the remaining two-thirds interest in said land, he may by the return of said team or the payment of said sum of $300, with interest, rescind this agreement."

Pursuant to this contract the mules were delivered to Seals, and Jones went into possession of the land and produced a crop thereon.

On February 14, 1913, to secure the payment of an indebtedness then incurred by him, Seals mortgaged the mules received by him under the terms of said contract to plaintiff, the Farmers' National Bank of Wewoka, which mortgage was duly filed for record. Subsequently he returned the mules to Jones. Thereafter, upon default in the payment of the indebtedness secured by said

mortgage, plaintiff commenced this action to recover said mules against defendant, Jones, before a justice of the peace in Seminole county. From the judgment of the justice appeal was had to the district court of that county, wherein upon trial the court directed a verdict and rendered judgment for plaintiff, to review which defendant has brought the case here.

Defendant contends that the contract supra constitutes either a conditional sale or a mortgage of the mules, of which the bank had constructive notice by reason of its registration, and therefore the mortgage subsequently executed by Seals to it could not effectively create a valid and enforceable lien upon the property in question as between it and defendant. With this contention we cannot agree. The primary purpose of the contract between Seals and defendant was a sale of land, incidental to which it was provided that, if such sale failed of consummation according to the terms agreed upon, Seals should "repay" the sum of $300 (at which the mules received by him were valued), together with interest at 10 per cent. per annum, or, instead, return the mules. Clearly the express intention of the parties evidenced by such provision was that the same should operate to pass title to the mules to Seals without reservation. The language employed indicates no purpose to retain title thereto in Jones; and nothing therein contained can be construed as a reconveyance of the mules by Seals as security for the satisfaction of his contingent obligation under the terms of the contract.

The rights of defendant were entirely dependent upon the provisions of such contract, and, as we are of opinion that the construction thereof by the trial court was correct, the judgment should be affirmed.

By the Court: It is so ordered.